Dear Representative Hudson:
I am in receipt of your request for an Attorney General's opinion on behalf of the Louisiana PTA wherein you inquire whether proxy and weighted voting is required in Louisiana. It is my understanding that the Louisiana PTA requested an opinion from the National PTA concerning this matter. The opinion of National PTA is that:
 . . . unless your state law requires proxy voting, in which case your state PTA bylaws should reflect this requirement, proxy voting, under the National PTA bylaws, is not allowed.
 Article IV, Section 13 of the National PTA bylaws states:
 The bylaws of all constituent organizations shall prohibit voting by proxy (unless proxy voting is specified by applicable state law).
Article XXVII of the National PTA bylaws concerning parliamentary authority states the following:
 The rules contained in the current edition of Robert's Rules of Order, Newly Revised, shall govern the National PTA and its constituent organizations in all cases in which they are applicable and in which they are not in conflict with the Bylaws of the National PTA, the Articles of Incorporation, or the District of Columbia Nonprofit Corporation of 1962.
Robert's Rules of Order, 9th Edition 1990, page 415 states the following:
 It is a fundamental principle of parliamentary law that the right to vote is limited to the members of an organization who are actually present at the time the vote is taken in a legal meeting. Exceptions to this rule must be expressly stated in the bylaws. Such possible exceptions include (a) voting by mail, and (b) proxy voting. . . .
Additionally, page 421 states the following concerning proxy voting:
 A proxy is a power of attorney given by one person to another to vote in his stead; the term also designates the person who holds the power of attorney. Proxy voting is not permitted in ordinary deliberative assemblies unless the laws of the state in which the society is incorporated require it, or the charter or bylaws of the organization provide for it. Ordinarily it should neither be allowed or required, because proxy voting is incompatible with the essential characteristics or deliberative assembly in which membership is individual, personal, and nontransferable. . . .
A review of the Louisiana PTA bylaws does not include any provisions that would allow proxy voting. There is a general statutory prohibition against the representation of a member of a public body by a proxy. LSA-R.S. 42:5B provides the following:
 Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
To determine whether LSA-R.S. 42:5(B) applies to the Louisiana PTA, we must first address whether the Louisiana PTA is a "public body" within the definition of LSA-R.S. 42.4.2A(2). A public body is defined as follows:
 "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph. (Emphasis added).
The Louisiana PTA is a voluntary non-profit organization composed of parents and teachers that promotes the welfare of children and youth in home, school, community, and place of worship. Since the Louisiana PTA is not a committee or sub-committee of the school board, it is not a "public body" within the definition of LSA-R.S. 42.4.2A(2).
LSA-R.S. 12:232 concerning nonprofit organizations states the following in Section C(1):
 A member shall have the right to cast his vote either in person or, unless the articles or by-laws specifically prohibit voting by proxy, by proxy duly authorized in writing, signed by the member and filed with the secretary at or before the meeting.
Article IV, Section 13 of the National PTA bylaws was amended in June of 1998 to prohibit proxy voting. It is identified by double stars, thereby indicating that the Louisiana PTA shall automatically and without requirement of further action adhere to such amendment.
Article XIX, Section 3 of the Louisiana PTA bylaws states the following concerning the adoption of an amendment to any provision of the National PTA:
 The adoption of an amendment to any provision of the Bylaws of the National PTA identified by a double star shall serve automatically and without requirement of further action by the constituent organization to amend correspondingly the bylaws of each constituent organization. Notwithstanding the automatic character of the amending process, the constituent organization shall promptly incorporate such amendments in their respective bylaws.
Although LSA-R.S. 12:232 allows proxy voting, it does not require it. Since the National PTA bylaws prohibit proxy voting unless required by law, proxy voting is also prohibited by the Louisiana PTA members.
You have also inquired about weighted voting and whether it is required in Louisiana. Louisiana statutes, Roberts Rules of Order, the National PTA Laws, and the Louisiana PTA Bylaws, do not contain any general provisions or definition concerning weighted voting. Article XVI, Section 4 of the Louisiana PTA Bylaws allows at annual convention its president or alternate and one voting delegate or alternate for every twenty-five members, or a fraction thereof, upon payment of a registration fee. In accordance with the definition of "proxy voting", that delegate or alternate can only vote his or her vote alone thereby prohibiting any type of weighted voting.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc